UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KAYWAN WALLACE, *pro se*,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Petitioner,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:　**MEMORANDUM AND ORDER**
　　　　　　　- against -　　　　　　　　　　　　　:　09-CV-3927 (DLI)
　　　　　　　　　　　　　　　　　　　　　　　　　:
UNITED STATES OF AMERICA,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Respondent.　　　　　　　　　:
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

　　　　Petitioner Kaywan Wallace ("Wallace" or "Petitioner") is serving a twenty-four-year sentence after pleading guilty pursuant to a plea agreement to five counts, including racketeering and narcotics conspiracy. Petitioner brought a habeas corpus petition pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence, contending that his guilty plea was "coerced, unknowing, involuntary and against his will." (Petition at 5, Doc. Entry No. 1.) The Court denied Wallace's petition because his claims were procedurally barred and he had waived his right to appeal. (*See* Order, Doc. Entry No. 8.) Presently before the Court is *pro se*[1] Petitioner's motion for reconsideration, pursuant to Federal Rule of Civil Procedure 60(d)(3). (Pet.'s Mem., Doc. Entry No. 9.) Petitioner contends that the government committed fraud on the Court by submitting an indictment without convening a grand jury. (Pet.'s Mem. at 4-5.) The government opposes, arguing that Petitioner's allegation are based purely on speculation, and, in any event, his claims are barred because he had an opportunity to raise them earlier. For the reasons set forth below, Petitioner's motion for reconsideration is denied.

---

[1] In reviewing Petitioner's submissions, the court is mindful that, "[a] document filed *pro se* is 'to be liberally construed' and 'a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citations omitted). Accordingly, the court interprets the Petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

1

## DISCUSSION

**A.    Background[2]**

From 2004 to 2006, Petitioner and his identical brother, Saquan, were the leaders of a criminal enterprise known as the "Wallace Enterprise" that operated out of the Wyckoff Gardens Housing Development ("Wyckoff Houses") in Brooklyn.  (*See* Eighth Superseding Indictment, Docket No. 06-cr-122, Doc. Entry No. 144.)  The Wallace Enterprise controlled much of the crack-cocaine ("crack") trafficking in the Wyckoff Houses and guarded its franchise through the use of intimidation and violence.  (*Id.*)  Saquan and Kaywan were arrested in August and September, 2006, respectively.

On April 1, 2008, a federal grand jury returned the Eighth Superseding Indictment, charging Petitioner with nine counts, including racketeering and narcotics conspiracy.  (Eighth Superseding Indictment.)  On April 11, 2008, Petitioner pled guilty, pursuant to a plea agreement, to five counts of the Eighth Superseding Indictment.  (4/11/08 Minute Entry, Docket No. 06-cr-122, Doc. Entry No. 152.)  On September 11, 2008, Petitioner was sentenced to twenty-four years of imprisonment to be followed by five years of supervised release.  (9/11/08 Minute Entry, Docket No. 06-cr-122, Doc. Entry No. 196.)  On September 11, 2009, Petitioner filed a habeas corpus petition, claiming that his plea of guilty was not made knowingly and voluntarily.  (*See* Petition.)  On March 9, 2011, the Court denied Wallace's petition, finding that his claim was procedurally barred and that he had waived his right to appeal.  On November 12, 2013, Petitioner filed the instant motion, seeking to vacate the Eighth Superseding Indictment on the basis that the government committed fraud on the Court by failing to convene a grand jury, and, instead, "rubber stamping" the signature of the grand jury foreman.  (Pet.'s Mem. at 8.)

---

[2] Familiarity with the facts underlying this case is assumed, and the facts are recounted only as relevant to the present motion.  A more complete summary of Petitioner's criminal case is provided in the Court's Order denying his habeas corpus petition.  (*See* Ord. at 2-4.)

## B. Federal Rule of Civil Procedure 60(d)(3)

Federal Rule of Civil Procedure 60 ("Rule 60") provides that a court may "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "The type 'of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by a timely motion [under Rule 60(b)].'" *In re Hoti Enterprises, L.P.*, 549 F. App'x 43, 44 (2d Cir. 2014) (summary order) (quoting *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988))). It "'embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.'" *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 78 (2d Cir. 2012) (summary order) (quoting *Hadges*, 48 F.3d at 1325).

"[F]ailure to raise a fraud claim within one year under Rule 60(b)(3) precludes a litigant from alleging that the same fraud entitles it to equitable relief [under Rule 60(d)(3)] absent extraordinary circumstances." *In re Hoti Enterprises, L.P.*, 549 F. App'x at 44 (citing *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662-63 (2d Cir. 1997)). Moreover, "[a]n independent action for fraud may not be entertained if 'there was an opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action.'" *M.W. Zack Metal Co. v. Int'l Nav. Corp. of Monrovia*, 675 F.2d 525, 529 (2d Cir. 1982) (quoting *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972)).

## C. Federal Rule of Criminal Procedure 6

Federal Rule of Criminal Procedure 6 ("Rule 6") provides that "[a] grand jury may indict only if at least 12 jurors concur. The grand jury – or its foreperson or deputy foreperson – must

return the indictment to a magistrate judge in open court." Fed. R. Crim. P. 6(f). "Grand jury proceedings carry a presumption of regularity, and are secret and closed." *United States v. King*, 2011 WL 1630676, at *5 (S.D.N.Y. Apr. 27, 2011) (citing *Hamling v. United States*, 418 U.S. 87, 139, n.23 (1974)). "That presumption can only be overcome by the defendant's strong showing of 'particularized need.'" *Id.* (citing *Dennis v. United States*, 384 U.S. 855, 871–72 (1966)). "The Second Circuit Court of Appeals requires that a defendant make specific factual allegations of government misconduct before a district court permits review of grand jury proceedings." *Id.* (citing *United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990) (*abrogated on other grounds*, *United States v. Marcus*, 628 F.3d 364 (2d Cir. 2010))).

**D.     Analysis**

Petitioner moves to dismiss the Eighth Superseding Indictment, arguing that the government committed fraud on the Court. Petitioner alleges that the United States Attorney's office has a "rubber stamp with the signature of the grand jury foreman," which it often uses "in lieu of actually []convening a grand jury." (Pet.'s Mem. at 8.) Petitioner claims that this rubber stamp was used on the Eighth Superseding Indictment and that the Indictment was not returned in open court as required by Rule 6. (*Id.*) Petitioner also requests that "the concurrence forms signed by the twelve grand jurors who found the indictment be disclosed." (*Id.* at 13.)

Petitioner's allegations fail to overcome the presumption of regularity afforded to grand jury proceedings. *See United States v. King*, 2011 WL 1630676, at *5. While Petitioner alleges, in a conclusory manner, that the Eighth Superseding Indictment was not returned in open court, the Indictment itself indicates otherwise. The grand jury foreperson signed the indictment in two places. (*See* Eighth Superseding Indictment at 16-17.) The signatures are not identical, as they would be if they had been "rubber stamped," nor do the signatures appear to be stamped. (*Id.*)

4

Moreover, the last page of the Eighth Superseding Indictment indicates that it was filed in open court on April 1, 2008. (*Id.* at 18.) Petitioner has not presented any specific factual allegations indicating that the government failed to convene a grand jury in this case. Moreover, he has not alleged any particularized need for disclosure of the grand jury's concurrence forms. Instead, Petitioner's request is based purely on speculation and "aimed generally at confirming the Government's compliance with the twelve-juror minimum requirement set forth in Fed.R.Crim.P. 6(f)." *United States v. Canty*, 1998 WL 903621, at *1 (N.D.N.Y. Dec. 19, 1998) (citing *United States v. Reyes*, 921 F.Supp. 189, 191 (S.D.N.Y. 1996)).

Additionally, even if Petitioner had alleged specific facts supporting his claim of government misconduct, Petitioner's claim is barred because he could have asserted this claim sooner. Petitioner's claim stems from the Eighth Superseding Indictment, which was filed on April 1, 2008. His allegations are based on information found on the face of the Indictment and on the absence of grand jury records on the docket sheet, not on any newly discovered evidence. Thus, Petitioner could have brought this claim before he pled guilty, or, at the very latest, within a year after judgment was entered, as required by Federal Rule of Civil Procedure 60(c)(1). Fed. R. Civ. P. 60. Petitioner has not presented any reason, let alone extraordinary circumstances, justifying the delay of more than six years in bringing this claim. *See In re Hoti Enterprises, L.P.*, 549 F. App'x at 44. Since Petitioner had the opportunity to litigate his claims in the original action, his action for fraud may not now be entertained.

Accordingly, the Court finds that an evidentiary hearing is not warranted and Petitioner's motion is denied in its entirety.

## CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration is denied. Petitioner is further denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      July 22, 2014

/s/
DORA L. IRIZARRY
United States District Judge